# EXHIBIT A

## GD-25-007187

**Roncevich etal vs Home Depot U.S.A. Inc. etal**

**Filing Date:**
07/01/2025

**Filing Time:**
12:12:28

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Product Liability

**Court Type:**
General Docket

**Current Status:**
Praecipe for Appearance

**Jury Requested:**
Y

Collapse All

**– Parties**  Count : 8



**--Litigants--**    Search

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Roncevich | Michelle | | Plaintiff | | -- | Anthony J. Giannetti |
| Roncevich | Michael | | Plaintiff | | -- | Anthony J. Giannetti |
| Techtronic Industries North America Inc. | | | Defendant | 1428 Pearman Dairy Road Anderson SC 29625 | -- | Frederick W. Bode III |
| One World Technologies Inc. | | | Defendant | | -- | Frederick W. Bode III |
| Home Depot U.S.A. Inc. | | | Defendant | 2455 Paces Ferry Road Atlanta GA 30339 | -- | Frederick W. Bode III |

Showing 1 to 5 of 5 rows

**--Attorney--**    Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Giannetti | Anthony | J. | Plaintiff's Attorney | Swartz Culleton PC 429 1st Avenue Suite 100 Pittsburgh PA 15219 | 4122387610 |
| Muha | Michael | Alan | Defendant's Attorney | Four Gateway Center 444 Liberty Avenue, Suite 1000 Pittsburgh PA 15222 | 4122817272 |
| Bode III | Frederick | W. | Attorney | Dickie McCamey & Chilcote P.C. Four Gateway Center Suite 1000 444 Liberty Avenue Pittsburgh PA 15222 | 4122817272 |

Showing 1 to 3 of 3 rows

**--Non Litigants--**    Search

| LName | FName | MI | Type | Address | Phone |
|-------|-------|-----|------|---------|-------|
| No matching records found | | | | | |

**▬ Docket Entries** Count : 3

<span>Search</span>

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|-------------|-------------|-------------|--------------|----------|
| 7/14/2025 | Praecipe for Appearance | Praecipe Filed on Behalf of Defendant(s). | Michael Muha Alan |  Document 3 |
| 7/14/2025 | Praecipe for Appearance | Praecipe Filed on Behalf of Defendant(s) (Techtronic Industries North America, Inc.; One World Technologies, Inc.; Home Depot USA, Inc.) | Frederick Bode III W. | Document 2 |
| 7/1/2025 | Complaint | | Michael Roncevich | Document 1 |

Showing 1 to 3 of 3 rows

**▬ Event Schedule** Count : 0

<span>Search</span>

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|-----------------|-------------------|-------------|-----------------------|
| No matching records found | | | |

**▬ Services**

<span>Search</span>

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|------|------|-----------------|---------------|-----------|--------------|--------------|--------|
| No matching records found | | | | | | | |

[ Collapse All ]

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

---

MICHAEL & MICHELLE                  :
RONCEVICH h/w                       :    CIVIL DIVISION
      *Plaintiffs*                  :
                    :    GD-
                    :
      v.                            :
                    :    **COMPLAINT**
TECHTONIC INDUSTRIES NORTH          :
AMERICA, INC; ONE WORLD             :
TECHNOLOGIES, INC.; HOME            :
DEPOT U.S.A. INC.                   :
                    :
      *Defendants.*                 :    Filed on behalf of Plaintiffs,
                    :
                    :
                    :
**JURY TRIAL DEMANDED**              :    Counsel of Record for this party:
                    :
                    :    ANTHONY J. GIANNETTI, ESQ.
                    :    Pa. Id. No. 318225
                    :    agiannetti@swartzculleton.com
                    :
                    :    **SWARTZ CULLETON PC**
                    :    429 First Avenue, Suite 100
                    :    Pittsburgh, PA 15219
                    :    412-238-7610
                    :    Fax: 412-200-7595

## <u>NOTICE TO DEFEND</u>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone: (412) 261-5555
F: (215) 550-6557

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MICHAEL & MICHELLE                :
RONCEVICH h/w                     :     CIVIL DIVISION
         *Plaintiffs*          :
                              :     GD-
     v.                         :
                              :     **COMPLAINT**
TECHTONIC INDUSTRIES NORTH        :
AMERICA, INC; ONE WORLD           :
TECHNOLOGIES, INC.; HOME          :
DEPOT U.S.A. INC.                 :
                              :
         *Defendants.*

## <u>CIVIL ACTION COMPLAINT</u>

1.     Plaintiffs are adult individuals and citizens of the Commonwealth of Pennsylvania.

2.     Defendant, Techtronic Industries North America, Inc. ("TTI"), is a corporation organized under the laws of Delaware with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625, and at all relevant times, was engaged in the manufacture, assembly, distribution, and sale of power tools under the Ryobi brand, including the subject Ryobi RY40602 hedge trimmer (serial no. EU19151N270183).

3.     Defendant, One World Technologies, Inc., is a subsidiary or affiliated company of TTI, doing business as Ryobi Tools, and was at all times relevant involved in the design, marketing, and distribution of the Ryobi RY40602 hedge trimmer.

4.     Defendant, Home Depot U.S.A., Inc., is a corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339, and was at all

times relevant the exclusive retail distributor of Ryobi-branded products, including the subject hedge trimmer

5.      Venue is proper in Allegheny County because Plaintiff's accident occurred in Allegheny County.

6.      At all times material hereto, Defendants acted by and through their employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

7.      Defendants designed, marketed, sold, supplied and/or distributed the subject Ryobi RY40602 hedge trimmer and its component parts.

8.      In or around 2019, Plaintiff Michael Roncevich purchased the subject Ryobi hedge trimmer from a Home Depot retail store located in Ross Township, PA.

9.      On or about June 14, 2025, Plaintiff had used the trimmer in a normal and expected manner and was going to put it away, when the blade suddenly activated without the trigger being engaged, causing the blade to lacerate and crush Plaintiff's fingers.

10.      As a result of the unintentional activation of the blade, Plaintiff suffered severe and permanent injuries to fingers on his dominant right hand.



11.    Defendants were actually aware of this hazard before Plaintiff's accident and knew that the blade could unintentionally activate without the trigger being pulled.

12.    On June 12, 2025, a nationwide recall was issued by Techtronic Industries North America for Ryobi models RY40602, RY40602VNM, and others, under Recall Number 25-334, stating that the trimmers' blade can "unexpectedly operate when only the trigger is pulled, or only the lock-off button is pressed."

13.    The recall cited 27 prior reports of unintended activation and 16 injury incidents, including severe lacerations, confirming that the defect was actually known to Defendants prior to Plaintiff's injury.

14.    Upon information and belief, Defendants were aware of this defect, and the danger to end users, when they placed the product into the stream of commerce.

15.    Defendants recklessly placed the product into the stream of commerce despite knowing that it was defective and dangerous to end users.

**COUNT I**
**MICHAEL RONCEVICH v. TECHTONIC INDUSTRIES NORTH AMERICA, INC.**
**<u>STRICT LIABILITY</u>**

16.    Plaintiff hereby incorporates by reference all preceding paragraphs.

17.    Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).   More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

18.    The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid hedge trimmer and its component parts, including but not limited to:

   a. Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

   b. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off

mechanism to prevent operation of the blade when the trigger is not activated

c. Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e. Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid hedge trimmer and its component parts;

f. Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g. Failing to warn of the dangers of the aforesaid Hedge trimmer;

h. Failing to provide proper safety and operational instructions to end users;

i. Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

19. Defendant defectively designed and manufactured the product knowing that the blade could be activated without a user activating the trigger.

20. This defect rendered the product unsafe when used as intended, and caused it to activate without the trigger being activated.

21. At all times relevant hereto, Defendant's aforesaid Hedge trimmer and its component parts were defective and unsafe for consumer use.

22. At all times relevant hereto, there were latent defects in the Defendant's aforesaid hedge trimmer and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

23. The Defendant distributed and sold the aforesaid Hedge trimmer and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

24. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

25. Defendant failed to adequately warn end users, including Plaintiff, of the defect, despite having actual knowledge that the product was defective and dangerous.

26. As a result of the aforesaid strict liability of Defendant, Plaintiff, who is right-hand dominant, has suffered severe laceration and crush injuries to fingers of his right hand. Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

27.    As a further result of the aforesaid accident, Plaintiff may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

28.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

29.    As a further result of the aforesaid strict liability of Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

30.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

31.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

## COUNT II
## MICHAEL RONCEVICH v. TECHTONIC INDUSTRIES NORTH AMERICA, INC.
## <u>NEGLIGENCE</u>

32.    Plaintiff hereby incorporates by reference all preceding paragraphs.

33. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid hedge trimmer, and to sell/distribute that product in a reasonably safe condition.

34. The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured hedge trimmer, in general, and in the following particulars:

a. Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

b. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off mechanism to prevent operation of the blade when the trigger is not activated

c. Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e. Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design,

supply and sale of the aforesaid hedge trimmer and its component parts;

f.  Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g.  Failing to warn of the dangers of the aforesaid Hedge trimmer;

h.  Failing to provide proper safety and operational instructions to end users;

i.  Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

35.  As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs 26 through 31, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

## COUNT III
## MICHAEL RONCEVICH v. ONE WORLD TECHNOLOGIES, INC.
## STRICT LIABILITY

36.  Plaintiff hereby incorporates all preceding paragraphs.

37.  Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of

commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

38.    The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid hedge trimmer and its component parts, including but not limited to:

a. Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

b. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off mechanism to prevent operation of the blade when the trigger is not activated

c. Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e. Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design,

supply and sale of the aforesaid hedge trimmer and its component parts;

f. Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g. Failing to warn of the dangers of the aforesaid Hedge trimmer;

h. Failing to provide proper safety and operational instructions to end users;

i. Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

39. Defendant defectively designed and manufactured the product knowing that the blade could be activated without a user activating both the trigger and safety controls.

40. This defect rendered the product unsafe when used as intended, and caused it to activate without both safety interlocks being engaged.

41. At all times relevant hereto, Defendant's aforesaid Hedge trimmer and its component parts were defective and unsafe for consumer use.

42. At all times relevant hereto, there were latent defects in the Defendant's aforesaid hedge trimmer and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

43.    The Defendant distributed and sold the aforesaid Hedge trimmer and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

44.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

45.    Defendant failed to adequately warn end users, including Plaintiff, of the defect, despite having actual knowledge that the product was defective and dangerous.

46.    As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs 26 through 31, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

**COUNT IV**
**MICHAEL RONCEVICH v. ONE WORLD TECHNOLOGIES, INC.**
**<u>NEGLIGENCE</u>**

47.    Plaintiff hereby incorporates all preceding paragraphs.

48.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid hedge trimmer, and to sell/distribute that product in a reasonably safe condition.

49.    The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured hedge trimmer, in general, and in the following particulars:

a. Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

b. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off mechanism to prevent operation of the blade when the trigger is not activated

c. Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e. Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid hedge trimmer and its component parts;

f. Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g.  Failing to warn of the dangers of the aforesaid Hedge trimmer;

h.  Failing to provide proper safety and operational instructions to end users;

i.  Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

50.  As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs 26 through 31, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

**COUNT V**
**MICHAEL RONCEVICH v. HOME DEPOT U.S.A, INC.**
**STRICT LIABILITY**

51.  Plaintiff hereby incorporates all preceding paragraphs.

52.  Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

53.    The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid hedge trimmer and its component parts, including but not limited to:

a. Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

b. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off mechanism to prevent operation of the blade when the trigger is not activated

c. Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d. Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e. Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid hedge trimmer and its component parts;

f. Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g. Failing to warn of the dangers of the aforesaid Hedge trimmer;

h. Failing to provide proper safety and operational instructions to end users;

i. Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

54. Defendant defectively designed and manufactured the product knowing that the blade could be activated without a user activating both the trigger and safety controls.

55. This defect rendered the product unsafe when used as intended, and caused it to activate without both safety interlocks being engaged.

56. At all times relevant hereto, Defendant's aforesaid Hedge trimmer and its component parts were defective and unsafe for consumer use.

57. At all times relevant hereto, there were latent defects in the Defendant's aforesaid hedge trimmer and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

58. The Defendant distributed and sold the aforesaid Hedge trimmer and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

59.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

60.    Defendant failed to adequately warn end users, including Plaintiff, of the defect, despite having actual knowledge that the product was defective and dangerous.

61.    As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs 26 through 31, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

## COUNT VI
## MICHAEL RONCEVICH v. HOME DEPOT U.S.A, INC.
## <u>NEGLIGENCE</u>

62.    Plaintiff hereby incorporates all preceding paragraphs.

63.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in distributing/selling the aforesaid product, and to sell/distribute that product in a reasonably safe condition.

64.    The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured hedge trimmer, in general, and in the following particulars:

a.    Recklessly designing/manufacturing/distributing/selling the subject hedge trimmer despite knowing that the blade could unintentionally

activate without the trigger being activated, and despite knowing that this defect posed a serious danger to end users;

b.  Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable shut-off mechanism to prevent operation of the blade when the trigger is not activated

c.  Failing to include in the plans, designs, and specifications for the subject hedge trimmer industry-recognized safety specifications;

d.  Failing to design and/or manufacture the subject hedge trimmer and its component parts to include an effective and durable on-off switch;

e.  Failing to exercise the requisite degree of care and caution in distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid hedge trimmer and its component parts;

f.  Failing to insure that the subject Hedge trimmer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g.  Failing to warn of the dangers of the aforesaid Hedge trimmer;

h.  Failing to provide proper safety and operational instructions to end users;

i.  Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

65.  As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs 26 through 31, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $50,000.00, including punitive damages.

## COUNT VII
## MICHELLE RONCEVICH v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

66.  Plaintiff hereby incorporates by reference all preceding paragraphs.

67.  As a further result of the incident described herein, Plaintiff Michelle Roncevich has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Michael Roncevich, to which she is legally entitled.

68.  As a further result of the incident described herein, Plaintiff Michelle Roncevich will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00.

Respectfully,

**SWARTZ CULLETON PC**

By:    /s/ Anthony J. Giannetti
Anthony J. Giannetti, Esquire
*Attorneys for Plaintiff*

Date: July 1, 2025

## VERIFICATION

I, _____Michael Roncevich_____, hereby state that I am the Plaintiff in this action and

verify that the statements made in the foregoing Civil Action Complaint are true and

correct to the best of my knowledge, information and belief.   The undersigned

understands that the statements herein are made subject to the penalties of 18 Pa. C.S.

4904 relating to unsworn falsification to authorities.

X

G.D. No. 25-007187

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MICHAEL & MICHELLE
RONCEVICH h/w

        Plaintiffs,

   v.

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; HOME
DEPOT U.S.A. INC.

        Defendants.

CIVIL DIVISION

G.D. No. 25-007187

**PRAECIPE FOR APPEARANCE**

Issue No.:

Filed on behalf of Defendants
TECHTRONIC INDUSTRIES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; HOME
DEPOT U.S.A. INC.

Counsel of record for this party:

Frederick W. Bode, III, Esquire
PA I.D.# 33391

Michael A. Muha, Esquire
PA I.D.# 321216

Dickie, McCamey & Chilcote, P.C.
Firm #067
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222
(412) 281-7272

**JURY TRIAL DEMANDED**

G.D. No. 25-007187

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MICHAEL & MICHELLE
RONCEVICH h/w

        Plaintiffs,

   v.

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; HOME
DEPOT U.S.A. INC.

        Defendants.

CIVIL DIVISION

G.D. No. 25-007187

## **PRAECIPE FOR APPEARANCE**

    Kindly enter our Appearance for Defendants   TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC.,  HOME DEPOT U.S.A. INC. in the above-entitled matter.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By:  _/s/ Frederick W. Bode, III_
      Frederick W. Bode, III, Esquire
      Michael A. Muha, Esquire

Counsel for Defendants  Techtronic Industries North America, Inc; One World Technologies, Inc.; Home Depot U.S.A. Inc.

G.D. No. 25-007187

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing PRAECIPE FOR

APPEARANCE was served this 14th day of July, 2025, via electronic mail upon the following:

*ANTHONY J. GIANNETTI, ESQ.*
*agiannetti@swartzculleton.com*
*SWARTZ CULLETON PC*
*429 First Avenue, Suite 100*
*Pittsburgh, PA 15219*
*Counsel for Plaintiff*


<u>*/s/ Frederick W. Bode, III*</u>
Frederick W. Bode, III, Esquire
Michael A. Muha, Esquire

Counsel for Defendants  Techtronic
Industries North America, Inc; One World
Technologies, Inc.; Home Depot U.S.A. Inc.

G.D. No. 25-007187

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Frederick W. Bode, III</u>

Signature: <u>*/s/ Frederick W. Bode, III*</u>

Name: <u>Frederick W. Bode, III</u>

Attorney No. (if applicable) <u>33391</u>

12998996.1

G.D. No. 25-007187

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MICHAEL & MICHELLE
RONCEVICH h/w

      Plaintiffs,

  v.

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; HOME
DEPOT U.S.A. INC.

      Defendants.

CIVIL DIVISION

G.D. No. 25-007187

**PRAECIPE FOR APPEARANCE**

Issue No.:

Filed on behalf of Defendants
TECHTRONIC INDUSTRIES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; HOME
DEPOT U.S.A. INC.

Counsel of record for this party:

Frederick W. Bode, III, Esquire
PA I.D.# 33391

Michael A. Muha, Esquire
PA I.D.# 321216

Dickie, McCamey & Chilcote, P.C.
Firm #067
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222
(412) 281-7272

**<u>JURY TRIAL DEMANDED</u>**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL & MICHELLE RONCEVICH h/w | CIVIL DIVISION |
| Plaintiffs, | G.D. No. 25-007187 |
| v. | |
| TECHTRONIC INDUSTRIES NORTH AMERICA, INC; ONE WORLD TECHNOLOGIES, INC.; HOME DEPOT U.S.A. INC. | |
| Defendants. | |

## PRAECIPE FOR APPEARANCE

Kindly enter our Appearance for Defendants  TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC.,  HOME DEPOT U.S.A. INC. in the above-entitled matter.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By:  _/s/ Michael A. Muha_____
        Frederick W. Bode, III, Esquire
        Michael A. Muha, Esquire

Counsel for Defendants  Techtronic Industries
North America, Inc; One World
Technologies, Inc.; Home
Depot U.S.A. Inc.

G.D. No. 25-007187

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing PRAECIPE FOR

APPEARANCE was served this 14th day of July, 2025, via electronic mail upon the following:

*ANTHONY J. GIANNETTI, ESQ.*
*agiannetti@swartzculleton.com*
*SWARTZ CULLETON PC*
*429 First Avenue, Suite 100*
*Pittsburgh, PA 15219*
*Counsel for Plaintiff*

/s/ Michael A. Muha
Frederick W. Bode, III, Esquire
Michael A. Muha, Esquire

Counsel for Defendants  Techtronic
Industries North America, Inc; One World
Technologies, Inc.; Home Depot U.S.A. Inc.

G.D. No. 25-007187

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __Michael A. Muha_____

Signature: ___/s/ Michael A. Muha_____

Name: __Michael A. Muha_____

Attorney No. (if applicable) _321216_____

33881549.1